**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4718**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GILBERT HARRIS, JR., a/k/a Butchie Huell,
a/k/a Butchie,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(CR-04-762)

Submitted:  August 18, 2006        Decided:  September 13, 2006

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ray Coit Yarborough, Jr., Florence, South Carolina, for Appellant.
Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY,
Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Pursuant to an amended plea agreement, Gilbert Harris, Jr., pled guilty to conspiracy to possess with intent to distribute fifty grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2000), and using and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000). The district court sentenced Harris to 140 months for the drug offense, to be followed by sixty months for the firearm offense. Harris appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Harris has filed a pro se supplemental brief. We affirm.

In his pro se brief, Harris asserts a number of defects[1] in the proceedings. It is well established, however, that a valid guilty plea waives all antecedent nonjurisdictional defects. Tollett v. Henderson, 411 U.S. 258, 267 (1973). To the extent that Harris attacks the voluntary and intelligent character of his plea, which Tollett permits a defendant to do on appeal, see id., we find Harris' claims to be without merit. Our review of the record discloses substantial compliance with Fed. R. Crim. P. 11. At arraignment, the district court assured itself that the plea was informed and knowing. Harris was thirty-seven, had some post-

---

[1]The defects include lack of venue, Fourth Amendment violations, improprieties in the grand jury proceedings, and insufficient evidence upon which to convict.

secondary education, had never been treated for mental illness or substance abuse, and was not under the influence of drugs or alcohol. He represented to the court that, other than the plea agreement, no one had promised him anything in return for his plea. Nor had anyone threatened him. Harris was fully aware of the charges against him and the penalties he faced. He expressed complete satisfaction with his attorney. Finally, Harris admitted his guilt, and the factual basis for the plea disclosed that there was ample evidence to convict Harris of each offense.

We conclude that Harris entered an intelligent and knowing guilty plea.[2] Therefore, under Tollett, Harris' plea waived his right to raise antecedent nonjurisdictional defects on appeal.

Harris contends that his sentence violates United States v. Booker, 543 U.S. 220 (2005). In determining a sentence post-Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Instead, sentencing courts must

---

[2]In his pro se brief, Harris contends that he attempted to withdraw his plea at sentencing. However, he made this request only once--when expressing his concern that guns and drugs seized from his residence pursuant to a search warrant would affect his sentence. A fair reading of the sentencing transcript discloses that the district court correctly treated the matter not as a request to withdraw the plea, but as an objection to the presentence report (PSR). After receiving assurances that the guns and drugs recovered from the residence had no impact on the sentence, Harris informed the court that he had no further objections to the PSR.

consider both the properly calculated guideline range as well as the factors set forth at 18 U.S.C.A. § 3553(a)(1) (West 2000 & Supp. 2006). United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). A post-Booker sentence must be "within the statutorily prescribed range and . . . reasonable." Hughes, 401 F.3d at 546-47 (citations omitted). "[A] sentence within the properly calculated Guidelines range . . . is presumptively reasonable." Green, 436 F.3d at 457 (internal quotation marks and citation omitted).

Harris was statutorily subject to between ten years and life in prison for the drug offense, see 21 U.S.C. § 841(b)(1)(A) (2000), and a consecutive sentence of at least five years for the firearm offense, see 18 U.S.C. § 924(c). His properly calculated guideline range for the drug offense was 135-168 months. In imposing sentence, the court took into account "the history and character of the defendant," see 18 U.S.C.A. § 3553(a)(1), including Harris' work history, age, and lack of criminal past. We conclude that a sentence of 140 months for the drug offense, to be followed by a sixty-month sentence for the firearm offense, was reasonable.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of

- 4 -

the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on the client.  We deny the motions to enlarge the record and for a writ of mandamus and dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>